UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
VIKTOR LEKOMTSEV,

                Plaintiff,

-against-

CITY OF NEW YORK, NICHOLAS BRUSH,
Individually, KENNETH RICE, Individually,
THERESA TOBIN, Individually, NIKIA DIGGS,
Individually, SALVATORE GRECO, Individually,
VISAR SELMAJ, Individually, and JOHN and JANE
DOE 1 through 10, Individually, (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

                Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
16-cv-4530 (RPK) (ST)

RACHEL P. KOVNER, United States District Judge:

Plaintiff Viktor Lekomtsev was arrested and issued a summons for unlawfully possessing a knife with a blade longer than four inches. When the charges against plaintiff were dismissed, plaintiff sued the City of New York ("the City") and six officers in the New York Police Department ("NYPD"): Nicholas Brush, Kenneth Rice, Theresa Tobin, Nikia Diggs, Salvatore Greco, Visar Selmaj. Three years into the ensuing litigation, defense counsel discovered that the NYPD had destroyed the knife because counsel had failed to put into place a litigation hold. Plaintiff now seeks spoliation sanctions. For the reasons that follow, I grant plaintiff's motion for spoliation sanctions against the City but deny plaintiff's motion for spoliation sanctions against the individual defendants.

1

## BACKGROUND

### I. Plaintiff's Arrest

Plaintiff alleges that he was arrested on May 16, 2015, shortly after NYPD officers approached him when he was sitting in a parked car on a highway service road. First Amended Complaint ("FAC") ¶¶ 12, 24. Plaintiff states that he told the officers that he had parked there because he was feeling unwell. *Id.* ¶ 15. Officers administered a breathalyzer test (which plaintiff passed), handcuffed plaintiff, and searched the parked car. *Id.* ¶¶ 17-21. During the search, according to plaintiff, officers recovered from plaintiff's car a lawfully possessed knife, which plaintiff kept in his car for use in fishing. *Id.* ¶¶ 21-23. After finding the knife, the officers placed plaintiff in a police car and drove him to the NYPD's 60th Precinct, where plaintiff was detained for about three hours before being released. *Id.* ¶¶ 24-25. Plaintiff was issued a summons for unlawfully possessing a knife with a blade longer than four inches. *Id.* ¶ 25; *see* Mem. of Law in Supp. of Pl.'s Mot. for Sanctions ("Pl.'s Mem.") 1 (Dkt. #46) (citing Klein Decl. Ex. 3 (Dkt. #47)). Eventually, that charge was dismissed. FAC ¶ 28.

### II. Plaintiff's Lawsuit

Plaintiff filed this lawsuit on August 12, 2016. *See* Complaint (Dkt. #1). His original complaint named as defendants the City, NYPD Officer Nicholas Brush, and several then-unidentified police officers. *Ibid.* Seven months later, plaintiff amended his complaint to add additional named officers as defendants. *See generally* FAC. Plaintiff raises various federal claims against a number of the officer-defendants, including false arrest—a claim that turns in part on whether officers had probable cause to arrest plaintiff, *see Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019). FAC ¶¶ 43-46. Plaintiff also includes in his complaint a claim that Officer Brush violated his right to a fair trial because he "created and manufactured false evidence

when he falsely swore that plaintiff unlawfully possessed a knife and forwarded this information to Kings County Criminal Court." FAC ¶ 27; *see id.* ¶¶ 54-57. In addition, plaintiff argues that the City is liable for constitutional violations because municipal policies and practices led to plaintiff's false arrest and the denial of plaintiff's right to a fair trial, among other claims. *Id.* at ¶¶ 67-76. The complaint includes various state law claims against the City and the individual defendants, including claims for false arrest under state law. *Id.* at ¶¶ 77-112.

On January 4, 2017, an attorney representing all named defendants emailed a preservation-of-evidence notice to the NYPD's Executive Director of Civil Litigation. Klein Decl. Ex. 5 (Dkt. #47). The notice requested that the NYPD preserve the knife seized from plaintiff's car, *ibid.*, which Officer Brush had provided to NYPD's property clerk as arrest evidence on the day of plaintiff's arrest, Klein Decl. Ex. 3 (Dkt. #47) (voucher for knife). According to defendants, the notice was never received because it had been inadvertently sent to an inactive email address. Klein Decl. Ex. 5 (Dkt. #47). The knife was destroyed by the NYPD on November 18, 2017. Klein Decl. Ex. 3, at 1 (Dkt. #47).

Plaintiff deposed Officer Brush on February 5, 2018. Klein Decl. Ex. 4 (Dkt. #47). Officer Brush testified that officers had arrested plaintiff because they believed he unlawfully possessed a gravity knife. Klein Reply Decl. Ex. 1 at Tr. 30:20-31:13 (Dkt. #51). Back at the precinct, however, officers allegedly determined that plaintiff's knife was not a gravity knife. *Id.* at Tr. 51:5-8. Officer Brush testified that he then decided to measure the knife to determine whether it was unlawfully longer than four inches. Klein Decl. Ex. 4 at Tr. 34:15-24. According to Officer Brush, he "look[ed] up on [his personal cell] phone what the size of the phone was," and then measured the knife against his cell phone because he could not locate a ruler. *Id.* at Tr. 35:19-25.

3

**III.     The Discovery of the Alleged Spoliation**

On July 11, 2019, defense counsel sent a letter to plaintiff's counsel explaining that defense counsel had "unintentional[ly] fail[ed] to preserve the knife." Klein Decl. Ex. 5 (Dkt. #47). According to the letter, counsel had discovered the knife was destroyed when she attempted to retrieve it for an evidence inspection. *Ibid.* Counsel stated that she "immediately attempted to investigate how the evidence was not maintained in light of the previously submitted preservation notice." *Ibid.* Through that investigation, counsel allegedly realized that her 2017 preservation notice had not been received by the NYPD. *Ibid.*

Plaintiff filed a motion arguing that defendants spoliated evidence by destroying the knife. *See generally* Pl.'s Mem. (Dkt. #46). In a declaration submitted in support of his motion, plaintiff offered testimony suggesting that the knife would have been evidence favorable to him in this lawsuit. Lekomtsev Dec. (Dkt. #48). Although plaintiff "never measured" the knife, he stated that the knife's blade "was not long" and that he "believe[d] it was not greater than four inches in length." *Id.* ¶ 5.

## DISCUSSION

Plaintiff argues that defendants engaged in spoliation by destroying the knife that supplied the basis for plaintiff's contested arrest. Spoliation is the "destruction or significant alteration of evidence, or failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 148 (2d Cir. 2008) (quotations omitted). To obtain sanctions for spoliation, a party must establish by a preponderance of the evidence that (**i**) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (**ii**) the evidence was destroyed with a culpable state of mind; and (**iii**) the destroyed evidence was relevant to the party's claim or defense

such that a reasonable trier of fact could find that it would support that claim or defense. *Klipsch Grp., Inc. v. ePRO ECommerce Ltd.*, 880 F.3d 620, 628 (2d Cir. 2018) (internal quotation marks omitted). As explained below, I find that plaintiff has established that the City (but not the individual defendants) engaged in spoliation. I will instruct jurors that in considering claims against the City, they may infer (but are not required to infer) that the destroyed evidence would have been favorable to plaintiff. I will also award plaintiff the reasonable costs and attorneys' fees associated with bringing his sanctions motion, upon an application from plaintiff setting out those costs and fees.

## I. Plaintiff Has Established that the City Spoliated Evidence

### A. Plaintiff Has Shown that the City Had an Obligation to Preserve the Destroyed Knife, but Has Not Made Such a Showing for the Individual Defendants

Plaintiff has shown that the City, which had control over plaintiff's knife, had an obligation to preserve the knife at the time it was destroyed. *See ibid.* A party has an obligation to preserve evidence within its control that attaches when the party knows, or reasonably should know, that the evidence is relevant to litigation or may be relevant to future litigation. *Fujitsu Ltd. v. Federal Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001); *see Klipsch Grp., Inc.*, 880 F.3d at 628 (noting that the party must have control over the relevant evidence). This obligation requires a litigant to "take affirmative steps to prevent inadvertent spoliation." *Skyline Steel, LLC v. PilePro*, LLC, 101 F. Supp. 3d 394, 408 (S.D.N.Y. 2015). These steps include identifying "all sources of potentially relevant evidence and implement[ing] a 'litigation hold' suspending any routine document destruction or other processes involved in the ordinary course of business that might result in the destruction of potentially relevant evidence." *Ibid.* There is no dispute that at the time that plaintiff's knife was destroyed, the City had an obligation to preserve the knife, because the knife was within the City's control and is relevant to the instant civil lawsuit challenging

plaintiff's arrest and detention. Mem. of Law in Opp'n. to Pl.'s Mot. for Sanctions ("Opp'n Mem.") at 3 (Dkt. #49) (City's concession).

In contrast, plaintiff has not demonstrated that the officer-defendants in this case had a duty to ensure the preservation of plaintiff's knife after Officer Brush turned over the knife to the NYPD property clerk on the day of plaintiff's arrest. Spoliation occurs when a party "having control over" evidence fails to preserve it. *Klipsch Grp., Inc.*, 880 F.3d at 628. A party does not engage in spoliation when the party "did not have 'any control over'" the relevant evidence, "any duty to maintain" that evidence, and was not "in any way involved in the failure to preserve" that evidence. *Deanda v. Hicks*, 137 F. Supp. 3d 543, 556 (S.D.N.Y. 2015) (collecting cases) (citations omitted); *see, e.g.*, *Creighton v. City of New York*, No. 12 CIV. 7454 (PGG), 2017 WL 636415, at *16 (S.D.N.Y. Feb. 14, 2017). Plaintiff has made no argument as to why the individual officer defendants had control over plaintiff's knife after the knife was turned over to the NYPD's property clerk. Nor has he established that the individual officers had a duty to maintain the knife after that point or that the individual defendants were in any way involved in the knife's destruction. Under these circumstances, I do not find that the individual defendants had a duty to preserve the knife at the time that it was destroyed.

      **B.**      **The City Destroyed the Knife with a Culpable State of Mind**

Plaintiff has also shown that the City destroyed the knife with a culpable state of mind. *Klipsch Grp., Inc.*, 880 F.3d at 628. A party has a culpable state of mind when it destroys evidence knowingly or negligently. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 108 (2d Cir. 2002). In the discovery context, negligence is a "failure to conform to the standard of what a party must do to meet its obligation to participate meaningfully and fairly in the discovery phase of a judicial proceeding." *In re Pfizer Inc. Sec. Litig.*, 288 F.R.D. 297, 314 (S.D.N.Y. 2013) (quoting *Harkabi v. SanDisk Corp.*, 275 F.R.D. 414, 418-19 (S.D.N.Y. 2010)). Courts in this

6

Circuit have concluded that "once the duty to preserve attaches, any destruction is, at a minimum, negligent." *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 138 F. Supp. 3d 352, 388-89 (S.D.N.Y. 2015) (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220 (S.D.N.Y. 2003)); *see, e.g.*, *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 49 (S.D.N.Y. 2014) (same). Plaintiff has demonstrated by a preponderance of the evidence that the City acted negligently, because the City destroyed the knife after plaintiff's civil lawsuit had begun and a duty of preservation attached. *See Congregation Rabbinical Coll. of Tartikov, Inc.*, 138 F. Supp. 3d at 388-89. While the City suggests that it was not negligent because it acted in good faith, Opp'n Mem. 3-4 (Dkt. #49), a "good faith explanation" for negligence "does not absolve a party of its culpability," *Hawley*, 302 F.R.D. at 49 (citing *Mastr Adjustable Rate Mortgages Trust 2006-OA2 v. UBS Real Estate Sec. Inc.*, 295 F.R.D. 77, 85 (S.D.N.Y. 2013)). Nor does the City's argument that the destruction of the knife was a "singular fluke," Opp'n Mem. 4 (Dkt. #49), establish that the destruction was non-negligent.

### C. The Destroyed Knife Was Relevant to Plaintiff's Claims

Plaintiff has also established that the destroyed evidence was "relevant" to plaintiff's claim in the special sense bearing on spoliation: "that a reasonable trier of fact could find" the spoliated evidence "would support" plaintiff's claims. *Klipsch Grp., Inc.*, 880 F.3d at 628. When evidence has been destroyed negligently, as here, the moving party must "adduce sufficient evidence from which a reasonable trier of fact could infer that 'the destroyed evidence would have been of the nature alleged by the party affected by its destruction,'" *Residential Funding Corp.*, 306 F.3d at 109 (citation, brackets, and bracketed text omitted)—that is, would have been "favorable to the movant." *Zubulake*, 229 F.R.D. at 221; *see Curcio v. Roosevelt Union Free Sch. Dist.*, 283 F.R.D. 102, 112 (E.D.N.Y. 2012). The Second Circuit has explained that in applying this standard, courts must not "hold the prejudiced party to too strict a standard of proof regarding the likely contents

7

of the destroyed or unavailable evidence." *Residential Funding Corp.*, 306 F.3d at 109 (brackets omitted). "[T]he level of proof that will suffice to support an inference in favor of the innocent party" is "less than the amount that would suffice to survive summary judgment on that issue." *Kronisch v. United States*, 150 F.3d 112, 128 (2d Cir. 1998). Here, plaintiff has put forward evidence from which a reasonable trier of fact could infer that the destroyed knife would support some of plaintiff's claims, including the claims that require plaintiff to show that his arrest was not supported by probable cause that plaintiff possessed an unlawfully long knife. A reasonable trier of fact could draw the inference that the destroyed knife would have been evidence favorable to plaintiff on those elements if the trier of fact credited plaintiff's statements that the knife was "not long" and gave credence to plaintiff's belief that the knife was "not greater than four inches in length." Lekomtsev Dec. ¶ 5 (Dkt. #48). Accordingly, plaintiff has made the showing of relevance required to seek spoliation sanctions against the City. *See Klipsch Grp., Inc.*, 880 F.3d at 628.

### D. Plaintiff Is Entitled to an Adverse-Inference Instruction and Reasonable Fees and Costs

I intend to give the jury an adverse-inference instruction for claims against the City and to direct the City to pay plaintiff the reasonable fees and costs associated with his spoliation motion. Once a party establishes that spoliation has occurred, the trial judge has "wide discretion" to determine the appropriate sanction. *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999). Sanctions must be "assessed on a case-by-case basis," *Fujitsu Ltd.*, 247 F.3d at 436, and "should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine," *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). That is, any sanction should deter parties from engaging in spoliation, place the risk of an erroneous judgment on the party who wrongfully created the risk, and restore the prejudiced party to the position he would have been in absent the wrongful destruction of evidence. *Ibid.* Applying these

8

principles, I will instruct jurors that in considering the claims against the City, they may infer—but are not required to infer—that the destroyed knife would have been favorable evidence to plaintiff. That permissive charge "punish[es the City] for its culpable destruction of evidence" and "restor[es] the 'prejudiced party to the same position . . . that it would have held if there had been no spoliation.'" *Henkel Corp. v. Polyglass USA, Inc.*, 194 F.R.D. 454, 457 (E.D.N.Y. 2000) (quoting *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 74 (S.D.N.Y. 1991)). Because jurors will see and hear other evidence bearing on the length of the seized knife, likely including testimony of Officer Brush and plaintiff, they will be appropriately equipped to determine what inference, if any, they should draw from the spoliation. *Cf. Ciacciarella v. Bronko*, No. 3:07-cv-1241 (MRK), 2009 WL 4878723, at *3 (D. Conn. Dec. 11, 2009). I will also direct the City to pay plaintiff's reasonable attorneys' fees and costs associated with filing his motion for sanctions, to make plaintiff "whole for the costs he has incurred as a result of [the City's] spoliation." *Taylor v. City of New York,* 293 F.R.D. 601, 616 (S.D.N.Y. 2013). To effectuate that award, plaintiff's counsel is directed to submit a fee application, with a copy to the City's counsel.

## CONCLUSION

Plaintiff's motion is granted in part. I will give the jury an adverse-inference instruction and award reasonable costs and fees against the City. Plaintiff's motion is denied insofar as it seeks sanctions against the individual defendants.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: October 2, 2020
      Brooklyn, New York

9